```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DWELLING MANAGEMENT, INC.,

                        Plaintiff,                    23-CV-02593 (VEC) (SN)

        -against-                                     OPINION AND
                                                      ORDER
MISSION 8, LLC, et al.,

                        Defendants.
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/2023

**SARAH NETBURN, United States Magistrate Judge.**

Defendants Mission 8, LLC and Topline Holdings Inc. move this Court for sanctions against Plaintiff Dwelling Management Inc. and Plaintiff's attorney, Eli Bard Richlin, for filing an allegedly meritless lawsuit. Finding no evidence that Plaintiff filed this action in bad faith, Defendants' motion for sanctions is DENIED.

## BACKGROUND

### I. Plaintiff's Allegations

Plaintiff is a New York-based software company, specializing in customer relationship management ("CRM") software. Comp., ¶¶ 1, 8. In October 2022, Plaintiff changed its name from ProPhone to Topline Pro. Id. at. ¶ 13. Before doing so, Plaintiff unsuccessfully tried to buy the domain name "topline.com" from Defendant Topline Holdings, Inc., a South Carolina-based company. Id. at ¶¶ 10, 14. At that time, Defendants, affiliated companies, were using the Topline Pro name for public relations and policy consulting services. Id. at ¶ 21. Defendant Mission 8, LLC, a Wyoming-based company, held a pending trademark application for use of the name for consulting services. Id. Five months later, Plaintiff learned that Defendants had started using the

Topline Pro name to sell CRM software, Plaintiff's specialty. Defendants' pivot "caused confusion" to Plaintiff's customers. Id. at ¶ 23. Plaintiff alleges that by using the Topline Pro name to sell CRM software, instead of just policy consulting services, Defendants infringed on Plaintiff's common-law rights in the Topline Pro mark. Id. at ¶ 25.

## II.    Procedural Background

Plaintiff sued Defendants for trademark infringement. After the parties engaged in unsuccessful settlement discussions, Defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. ECF No. 19. Two weeks later, Plaintiff filed a notice of voluntarily dismissal without prejudice, which the Court granted. ECF No. 21. Defendants then filed this motion for sanctions, arguing that Plaintiff's complaint was so unmeritorious that "the only logical conclusion [is] that the Complaint was filed to harass Defendants." Def. Br. at 1. Defendants seek all attorney's fees and costs incurred from the motion practice stemming from the alleged misconduct. Id. Plaintiff seeks sanctions against Defendants for filing a frivolous sanctions motion. Pl. Opp. at 25.

## DISCUSSION

### I.    Sanctions Against Plaintiff

Defendants move for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, alleging that Plaintiff's complaint was factually and jurisdictionally meritless. Throughout their motion, Defendants repeatedly invoke Rule 11 of the Federal Rules of Civil Procedure, while also correctly positing that "[b]y withdrawing their frivolous and harassing pleadings, Plaintiff may have estopped any arguments for sanctions under Rule 11." Def. Br. at 8. Rule 11 permits a party to move for sanctions if a pleading is filed for an improper purpose, the legal contentions are frivolous, or the factual contentions lack evidentiary support. Fed. R. Civ. P.

11(b). Relevant here is Rule 11's safe harbor provision, which provides the nonmovant "an opportunity to withdraw or correct a challenged submission." In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003). If the nonmovant corrects the issue within 21 days after the sanctions motions is filed, Rule 11 sanctions are unavailable. Id. Rule 11's safe harbor provision applies here because Plaintiff voluntarily dismissed its complaint, timely curing the alleged issues. For that reason, Rule 11 sanctions are unavailable.

Because Rule 11's safe harbor provision applies, it would be improper for the Court to impose sanctions pursuant to § 1927 and the Court's inherent authority. If a party could evade Rule 11's safe harbor provision by simply seeking sanctions under other authority, the safe harbor provision would be rendered "meaningless." Richtone Design Group, L.L.C. v. Classical Pilates, Inc., No. 06-cv-0547 (NRB), 2007 WL 1098706, n.1 (S.D.N.Y. Apr. 10, 2007) (citing Corley v. Rosewood Care Center, Inc., 142 F.3d 1041, 1059 (7th Cir. 1998)); Bellistri v. United States, No. 94-cv-3768 (KMW), 1998 WL 337884, at *1 (S.D.N.Y. June 25, 1998) (holding that where a court "declined to award Rule 11 sanctions because of [plaintiff's] failure to comply with the safe harbor provision of Rule 11," awarding § 1927 sanctions "would undermine the safe harbor provision of Rule 11 by essentially reading it out of the Rule"); see also Danielle Kie Hart, And the Chill Goes On – Federal Civil Rights Plaintiffs Beware: Rule 11 Vis-à-Vis 28 U.S.C. 1927 and the Court's Inherent Power, 37 Loy. L.A. L. Rev. 645, 684 (2004) (arguing that "there are strong policy arguments that using 28 U.S.C. 1927 or the court's inherent power to sanction to sidestep Rule 11's procedural requirements should be improper"). However, Southern District cases vary on this issue, and the Second Circuit Court of Appeals has not addressed these opposing outcomes. See., e.g., Galonsky v. Williams, 96-cv-6207 (JSM), 1997 WL 759445, at *20 (S.D.N.Y. Dec. 10, 1997) (awarding sanctions under § 1927 despite finding that Rule 11's

3

safe harbor provision barred sanctions); Chatham v. Fid. & Deposit Co. of Md., 99-cv-12308 (JSM), 2001 WL 1262960 (S.D.N.Y. Oct. 18, 2001) (awarding sanctions under § 1927 even though Rule 11 sanctions were procedurally barred).

Even if Rule 11 did not preclude sanctions under § 1927 or the Court's inherent authority, Defendants have nevertheless failed to establish that sanctions are warranted. Under the Court's inherent sanctioning powers, a court can impose sanctions only where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Cretella v. Liriano, 370 F. App'x 157, 159 (2d Cir. 2010). "The district court must find bad faith in order to impose such sanctions and bad faith must be shown by 'clear evidence' that the actions in question are taken for 'harassment or delay or . . . other improper purposes.'" Id. "A finding of bad faith . . . must be supported by a high degree of specificity in the factual findings." Wolters Kluwer Fin. Servs. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009). The same standard applies to § 1927 sanctions; "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986). Accordingly, sanctions under both § 1927 and the Court's inherent authority require a highly specific showing of bad faith.

Defendants allege that Plaintiff filed this case in bad faith, but Defendants' evidentiary support is not compelling. Defendants claim that Nick Ornitz, Plaintiff's Chief Executive Officer and Co-Founder, threatened Defendants with costly litigation if Defendants continued to refuse to sell the topline.com domain name. Def. Br. at n.6. According to Defendants, this proves that Plaintiff improperly filed this case to force Defendants into selling. But Mr. Ornitz actually wrote that if Defendants accepted Plaintiff's settlement offer, Defendants could "have the capital to help

4

with a rebranding vs. spending capital on legal costs." Pl. Opp. Ex. D. In context, Mr. Ornitz's statement was not an improper threat; such comments on potential legal costs are reasonable and routine during settlement negotiations. Mr. Ornitz's statement therefore does not evince bad faith.

Defendants further argue that the Court should infer bad faith from Plaintiff's lack of "legal, factual, or jurisdictional basis upon which to bring the instant lawsuit." Def. Br. at 1. "[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999). Defendants have not cited a single example of a court in the Second Circuit actually inferring bad faith solely from a lack of merit, demonstrating that a court should do so only in exceptional circumstances. See, e.g., Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012) (finding bad faith based on a failure to disclose important information to the Court); In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 116 (2d Cir. 2000) (finding bad faith because plaintiff made "numerous attempts to impugn the integrity of a federal judge and fellow attorney through totally unsubstantiated abusive and slanderous statements"); Offor v. Center, 15-cv-2219 (ADS) (SIL), 2016 WL 3566217, at *9 (E.D.N.Y. June 25, 2016) (finding bad faith based on refusal to redact information after being notified of obligation to do so); Banus v. Citigroup Glob. Markets, Inc., 757 F. Supp. 2d 394, 400 (S.D.N.Y. 2010) (finding bad faith because the lawsuit "amounted to an attempt to use the judicial process for the quite improper purpose of simply stalling [movant's] effort to collect the money it is owed"); Amorosa v. Ernst & Young LLP, 03-cv-3902 (CM), 2010 WL 245553, at *8 (S.D.N.Y. Jan. 20, 2010) (finding bad faith based on an "intentional misstatement" to the Court); Neshewat v. Salem, 365 F. Supp. 2d 508, 528 (S.D.N.Y. 2005) (finding bad faith because plaintiff was "intent on litigating the same issues over and over again" and had a

"propensity for vexatious lawsuits"). The examples of bad faith cited by Defendants – making abusive statements, lying to the Court, intentionally flouting legal obligations, and repeatedly litigating issues – are all absent here. The Court is therefore reticent to infer bad faith based solely on lack of merit.

The Court is particularly unwilling to infer bad faith from meritless jurisdictional allegations. A Court should exercise an abundance of caution before inferring bad faith from an improper assertion of personal jurisdiction because the "jurisprudence of personal jurisdiction . . . is an occasionally confusing and complex area of the law." Bellistri v. United States, No. 94-cv-3768 (KMW), 1998 WL 337884, at *1 (S.D.N.Y. June 25, 1998) (citing Leema Enterprises, Inc. v. Willi, 582 F. Supp. 255, 257 (S.D.N.Y. 1984)). Due to that complexity, it is particularly difficult to conclude in the context of personal jurisdiction that a plaintiff "crosse[d] the line from 'misunderstanding, bad judgment, or well-intentioned zeal,' to frivolousness and harassment." Olaf Sööt Design, LLC v. Daktronics, Inc., 325 F. Supp. 3d 456, 461 (S.D.N.Y. 2018) (citing Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F. Supp. 2d 683, 694 (D.N.J. 2002)); see, e.g., Davey v. PK Benelux B.V., 20-cv-5726 (VB), 2022 WL 1289341, at *4 (S.D.N.Y. Apr. 29, 2022) (dismissing action for lack of personal jurisdiction after Plaintiff offered "no evidence that defendant's website operated to purposefully avail [itself] of the privilege of conducting activities within New York," but declining to sanction Plaintiff because there was no evidence of bad faith). Here, Plaintiff promptly withdrew its complaint after learning that Defendants conduct no business in New York, indicating that Plaintiff's jurisdictional allegations stemmed from a misunderstanding rather than harassment. Pl. Opp. at 5. For these reasons, even if Plaintiff lacked any basis to assert personal jurisdiction in New York, the Court would not infer bad faith in these circumstances.

Defendants have failed to meet the very high threshold of showing that Plaintiff's allegations were so unmeritorious as to require an inference of bad faith. Schlaifer Nance & Co., 194 F.3d at 336. "[A] claim that fails as a matter of law is not necessarily lacking *any* basis at all." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999). Defendants argue that Plaintiff's jurisdictional allegations were meritless because Defendants, South Carolina and Wyoming-based companies, "conduct *no business* out of the State of New York." Def. Br. at 6. But Plaintiff did have some basis to believe, before filing its complaint, that Defendants did conduct business in New York. Defendants' website advertised that "(1) Defendants are 'a distributed team' with 'offices and teams all around the world'; (2) 523,000+ companies use Defendants' software, (3) Defendants have engaged in 622 million+ sales; and (4) Defendants have participated in 9.2 billion+ calls with potential clients." Richlin Decl., ¶ 5; Ex. E. Based on these claims, Plaintiff assumed that Defendants had New York-based customers. Id. Upon learning otherwise "for the first time in the motion to dismiss, Plaintiff voluntarily dismissed this action two weeks later." Pl. Opp. at 5. Because there were some facts supporting Plaintiff's assertion of personal jurisdiction, Plaintiff's jurisdictional allegations were not entirely meritless.

Similarly, Defendants fail to establish that Plaintiff's factual allegations were entirely meritless. In their motion for sanctions, Defendants do not identify any specific meritless legal or factual allegations in Plaintiff's complaint. Instead, they simply reference their motion to dismiss. As the movant, it is Defendants' burden to establish bad faith. Cap. Bridge Co., Ltd. v. IVL Techs. Ltd., No. 04-cv-4002 (KMK), 2007 WL 3168327, at *23 (S.D.N.Y. Oct. 26, 2007). Defendants cannot meet that burden by just directing the Court to a previous motion. Additionally, a sworn declaration by Mr. Ornitz supports many of the factual allegations in Plaintiff's complaint. Because Defendants do not offer evidence contradicting all of Mr. Ornitz's

claims, the Court cannot conclude that Plaintiff's complaint lacked any merit. Accordingly, sanctions against Plaintiff are not warranted.

## II. Sanctions Against Defendants

Plaintiff requests "that the Court consider exercising its discretion by requiring Defendants and their counsel to reimburse Plaintiff for the fees and costs incurred defending against this frivolous motion." Pl. Opp. at 25. Although the Court denies Defendants' motion for sanctions, the Court finds no clear evidence that Defendants brought the motion for an improper purpose. Plaintiffs point to no such evidence. Accordingly, the Court cannot conclude that Defendants crossed the line from bad judgment to frivolousness. Olaf Sööt Design, 325 F. Supp. 3d at 461. The Court cautions both Plaintiff and Defendants against engaging in "an endless tit for tat" that could "consume precious party and court resources." Robinson v. De Niro, 614 F. Supp. 3d 73, 82 (S.D.N.Y. 2022).

## CONCLUSION

Defendants' motion for sanctions is DENIED. Plaintiff's request for sanctions is also DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 23.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   December 1, 2023
         New York, New York